**CITY OF HIALEAH, Plaintiff,**

v.

**UNITED STATES HOUSING AUTHORITY and Housing Corporation of America, Defendants.**

**Civ. No. 71–157.**

United States District Court,
S. D. Florida.

Oct. 18, 1971.

Arthur Lee Willner, Miami, Fla., and John S. Post, Hialeah, Fla., for plaintiff.

Colson & Hicks, P.A., Miami, Fla., for Housing Corp. of America.

Robert W. Rust, U. S. Atty., and Robert Silverstein, Asst. U. S. Atty., Miami, Fla., for United States Housing Authority.

## ORDER

CABOT, District Judge.

This cause came on to be heard at the Pre-trial conference set by an order dated September 3, 1971. Plaintiff had set for hearing at said conference a petition seeking a temporary injunction restraining the Defendant, United States Housing Authority, from disbursing any funds relating to Project Fla. 66–4, a low-income housing project in the City of Hialeah. Plaintiff, at the Pre-trial conference, stipulated in open court that plaintiff's petition for temporary injunction, as well as its entire cause of action against both defendants, was dependent upon the validity of Public Law 176 July 31st, 1953, 67 Stat. 306; 42 U.S.C.A. § 1411(a), more commonly known as the Phillips Amendment. Plaintiff had alleged in its complaint that it had properly implemented said Phillips Amendment and that it was therefore entitled to an injunction enjoining disbursement of funds relating to Project Fla. 66–4.

The Court, after hearing oral arguments and considering written memoranda filed by the parties, finds as follows:

1. The Phillips Amendment was originally a proviso of the Independent Offices Appropriations Act of 1951. The proviso was renewed in similar acts for the years 1952, 1953, and 1954, but has not been repeated in similar acts since.

2. The Phillips Amendment was originally codified in 42 U.S.C.A. § 1411(a), but the Code now only provides the historical note stating that the amendment was not repeated after 1954.

3. There is an absence in the Phillips Amendment of any language which might exemplify permanency.

Conclusions of Law:

 1. The Phillips Amendment is a proviso of an appropriations act; therefore, it must be strictly construed as temporary due to the fact that there is an absence of language expressly extending the provision's duration.

 2. Therefore, Public Law 176, July 31st, 1953, 67 Stat. 306; 42 U.S.C.A. § 1411(a), known as the Phillips Amendment, expired at the end of fiscal year 1954. *See* 51 Op.Att'y Gen'l. 274 (1956).

 3. Because of the expiration of the Phillips Amendment, the plaintiff has no legal basis upon which to maintain its suit.

It is, therefore

Ordered and adjudged that Plaintiff's petition for temporary injunction is hereby denied and this cause is dismissed with prejudice to the plaintiff.